FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 25 2016
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

Don Riley
1710 Vaughn ST
P.B. AR 71603
(Name of plaintiff or plaintiffs)

v.

CIVIL ACTION NO. 5:16-CV-0153 BSM-JJV
(case number to be supplied by the assignment clerk)

Doug Stadler CEO
And Centers for Youth & Families
6501 W 12Th  L.R. AR 72204
(Name of defendant or defendants)

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

**COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff, Don Riley, is a
   (name of plaintiff)
citizen of the United States and resides at 1710 Vaughn ST,
                                             (street address)
P.B., Jefferson, AR, 71603,
(city)   (county)   (state)   (ZIP)
870 536-0638
(telephone)

3. Defendant, Doug Stadler, lives at, or its
   (name of defendant)
business is located at 6501 W 12Th, L.R.,
                      (street address)     (city)
Pulaski, AR, 72204.
(county)  (state)  (ZIP)

4. Plaintiff sought employment from the defendant or was employed by the
Doug Stadler CEO
Centers for Youth + Families

defendant at __6501 W 12Th__, __L.R__,
(street address)                (city)
__Pulaski__, __Ar__, __72204__.
(county)      (state)    (ZIP)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about __8__ __11__ __2015__.
(month)  (day)  (year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about __8__ __11__ __2015__.
(month)  (day)  (year)

7. The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by plaintiff on __2__ __25__ __2014__, a copy of which notice
(month) (day) (year)
is attached to this complaint.

8. Because of plaintiff's (1) __X__ race, (2) _____ color, (3)_____ sex, (4) _____ religion, (5) _____ national origin, defendant:

    (a) __X__ failed to employ plaintiff.

    (b) _____ terminated plaintiff's employment.

    (c) _____ failed to promote plaintiff.

    (d) _____

_____

_____

_____

_____

9. The circumstances under which the defendant discriminated against plaintiff were

I WAS CLEARED ON ALL CHARGES AND I WASN'T REHIRED ON MY JOB

as follows: _____

_____

_____

_____

_____

_____

_____

_____

10. The acts set forth in paragraph 9 of this complaint:

    (a) ___✓___ are still being committed by defendant.

    (b) _____ are no longer being committed by defendant.

    (c) _____ may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

    (a) _____ Defendant be directed to employ plaintiff, and

    (b) _____ Defendant be directed to re-employ plaintiff, and    BACK PAY & PAIN AND SUFFERING

    (c) _____ Defendant be directed to promote plaintiff, and

    (d) _____ Defendant be directed to _____

and that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

                                                        *Don Riley*
                                                   SIGNATURE OF PLAINTIFF

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Don N. Riley<br>1710 Vaughn Street<br>Pine Bluff, AR 71603 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2015-40948 | Kerle M. Frantzen,<br>Investigator | (501) 324-5360 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*William Cash Jr.* /KF

William A. Cash, Jr.,
Area Office Director

**FEB 2 5 2016**
(Date Mailed)

Enclosures(s)

cc: Doug Stadler
CEO
CENTERS FOR YOUTH & FAMILIES
6501 W. 12th Street
Little Rock, AR 72204

Debby Thetford Nye
Kutak Rock LLP
124 W. Capitol Avenue, Suite 2000
Little Rock, AR 72201



**Arkansas Department of Human Services**
**Office of Appeals and Hearings**
400 DONAGHEY PLAZA NORTH
P.O. Box 1437 - Slot N401
Little Rock, AR 72203-1437
Telephone (501) 682-8622  Fax (501) 682-6605  TDD (501) 682-6974

May 18, 2016

Case Number: 20161887

MR DON RILEY
1710 VAUGHN ST
PINE BLUFF AR 71603

Re: Don Riley v. DHS

Dear Mr. Riley:

Enclosed is the administrative hearing decision in the above-referenced case. This is the final agency action on this case.

If you require correspondence in alternate formats, such as Braille, large print, or audio tapes, please contact the Appeals and Hearings Office at (501) 682-8622.

Sincerely,

David Mackey
Supervising ALJ

cc:  See Email

7015 3010 0000 9401 9451

The Department of Human Services is in compliance with Titles VI and VII of the Civil Rights Act

## BEFORE THE DEPARTMENT OF HUMAN SERVICES
## OF THE STATE OF ARKANSAS

IN THE MATTER OF:
DON RILEY                                                                                    PETITIONER

VS.                                          NO.   20161887

ARKANSAS STATE POLICE CRIMES
AGAINST CHILDREN DIVISION (CACD)                                      RESPONDENT

### FINAL ORDER

### INTRODUCTION

This case was presented to the Office of Appeals and Hearings (OAH) for determination, pursuant to the Arkansas Child Maltreatment Act and the Arkansas Administrative Procedure Act. The case was presented to determine whether petitioner's name shall be placed on the Child Maltreatment Central Registry based on the true determination made by the CACD; specifically, the finding that Don Riley abused MH, 14 years old at the time, by engaging in conduct creating a realistic and serious threat of death, permanent or temporary disfigurement, or impairment of any bodily organ.

I find insufficient evidence that Mr. Riley's conduct created a realistic and serious threat of death, disfigurement, or impairment of a bodily organ to MH.

Present at the hearing were Don Riley, Petitioner; Tonya Tackett, CACD; and David Mackey, Administrative Law Judge.

After a complete review of the case record and all relevant evidence in this case the following Findings of Fact, Conclusions of Law, and Decision are entered.

### FINDINGS OF FACT

1. On 8/5/15, a report was made to the child abuse hotline regarding alleged maltreatment of MH (DOB 6/10/2001). Based on the investigation a true finding of child maltreatment was substantiated against Don Riley (DOB 9/8/1967), caretaker of MH at the time of the incident. On 3/25/15, Petitioner requested an administrative hearing. No evidence was presented showing the date Mr. Riley received the Notice of Determination. The hearing was held on 5/10/16.

2. There was insufficient evidence that Don Riley engaged in conduct that was a realistic or serious threat of death, permanent or temporary disfigurement, or impairment of any bodily organ. While Mr. Riley's handling of the situation was poor management of the incident and

       inappropriate, it was not a realistic and serious threat of the described harm.

3. In the videotape of the incident, Mr. Riley approaches MH. MH is holding a chair in front of himself. MH pushes the chair toward Mr. Riley. Mr. Riley pushes the out of his way to the side of MH who jumps back. Mr. Riley grabs MH by the shoulders, and MH moves away. Mr. Riley indicates that MH should sit down and MH sits. MH did not have any injuries.

4. Mr. Riley testified that he was telling MH to sit down. He stated that he was moving the chair out of his way and not throwing the chair at MH.

5. I find that Mr. Riley's testimony was credible and consistent with the videotape. I find that Mr. Riley was most likely pushing the chair out of his way and not throwing it at MH. I do not find sufficient evidence that Mr. Riley's conduct created a realistic and serious threat of death, permanent or temporary disfigurement, or impairment of any bodily organ.

## CONCLUSIONS OF LAW

The Arkansas Child Maltreatment Act, Arkansas Code Annotated 12-18-101 *et seq*, defines child maltreatment as abuse. Abuse, in part, is defined as a parent or caretaker engaging in conduct creating a realistic and serious threat of death, permanent or temporary disfigurement, or impairment of any bodily organ.

Don Riley was a caretaker of MH at the time of the incident. However, the CACD failed to show that his conduct or actions rose to the level of creating a realistic and serious threat of death, disfigurement, or, impairment; therefore there is no abuse.

## DECISION

The CACD has failed to meet its burden of presenting by a preponderance of the evidence that Don Riley abused MH.

**Don Riley's name** shall **not** be placed on the Child Maltreatment Central Registry insofar as the entry pertains to the abuse report, **#1754336**, and Central Registry shall, within fifteen (15) days, notify the Appeals and Hearings Office and petitioner that the aforementioned has been done.

David Mackey
Administrative Law Judge

Date 5-11-16

2